UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CV-81921-RAR

**ROBERT TYRONE HAYES**,

    Plaintiff,

v.

**ALFONSO STARLING**, *et al.*,

    Defendants.

_____/

## ORDER DISMISSING CASE

**THIS CAUSE** is before the Court upon a civil rights Complaint under 42 U.S.C. § 1983. *See* Compl. [ECF No. 1]. Liberally construed, Plaintiff, a *pro se* pretrial detainee, claims Defendant Thompson, a jail official, conducted an unreasonable search of Plaintiff's person and committed a sexual assault during that search. *See id.* at 4–5, 7–8. In addition, Plaintiff claims Defendant Alfred, a supervising sergeant for the county jail, retaliated against Plaintiff by purportedly threatening solitary confinement when Plaintiff reported the alleged sexual assault. *See id.* at 5–6, 8. Plaintiff also asserts a due process claim against Defendant Starling, a supervising major for the county jail, for failing to resolve Plaintiff's grievances properly. *See id.* at 8–9.

To begin, "[a] *pro se* pleading is held to a less stringent standard than a pleading drafted by an attorney and is liberally construed." *Waldman v. Conway*, 871 F.3d 1283, 1289 (11th Cir. 2017); *see also Torres v. Miami-Dade Cty., Fla.*, 734 F. App'x 688, 691 (11th Cir. 2018) ("Liberal construction, in more concrete terms, means that federal courts must sometimes look beyond the labels used in a pro se party's complaint and focus on the content and substance of the allegations.").

Despite that leniency, the Court may not "serve as de facto counsel or [] rewrite an otherwise deficient pleading in order to sustain an action." *Shuler v. Ingram & Assocs.*, 441 F. App'x 712, 716 n.3 (11th Cir. 2011); *Golfin v. Sec'y for Dep't of Corr.*, 276 F. App'x 908, 908 (11th Cir. 2008) ("[W]e will not act as *de facto* counsel for a *pro se* litigant.").

Here, Plaintiff is proceeding *in forma pauperis*. [ECF No. 5]. Accordingly, pursuant to the Court's statutory screening under 28 U.S.C. §§ 1915(e)(2) and 1915A, the Court has determined that this action should be dismissed for failure to state a claim.

First, the Court addresses Plaintiff's Fourth Amendment unreasonable search claim. After considering the four factors set forth in *Powell*, "the scope of the particular intrusion, the manner in which it [was] conducted, the justification for initiating it, and the place in which it [was] conducted[,]" the Court has determined that the allegations fail to state a claim. *See Powell v. Barrett*, 541 F.3d 1298, 1305 (11th Cir. 2008) (en banc) (cleaned up); *cf. Moton v. Walker*, 545 F. App'x 856, 859 (11th Cir. 2013) (affirming that qualified immunity was appropriate where a cavity search, as part of a routine cell search, implicated the "strong considerations" in favor of needing to maintain [institutional] security."). Here, the allegations do not present a plausible inference suggesting the over-the-clothes pat-down and the order for Plaintiff to expose his anus for visual inspection as part of a routine cell search violated his Fourth Amendment rights.

Instead, Plaintiff's claim presumes that the search could not be compelled without "probable cause or written authorization." *See* Compl. at 4, 7–8. However, the Eleventh Circuit has clarified that the Constitution does not require "reasonable suspicion as a condition for detention facility strip searches, especially those that involve visual body cavity inspections." *See Powell*, 541 F.3d at 1306. Further, the Court is unaware of any case in this circuit requiring written

authorization before jail officials may conduct a visual cavity inspection or an over-the-clothes pat-down within a detainee's cell.

Second, Plaintiff claims the search, as conducted, amounted to sexual harassment in violation of the Eighth Amendment. *See* Compl. at 8. "[S]evere or repetitive sexual abuse of a prisoner by a prison official can violate the Eighth Amendment." *Boxer X v. Harris*, 437 F.3d 1107, 1111 (11th Cir. 2006), *abrogated in part on other grounds by Wilkins v. Gaddy*, 559 U.S. 34 (2010). Even though Plaintiff is a pretrial detainee, the Eleventh Circuit has treated similar sexual assault claims by jail detainees subject to the Eighth Amendment. *See Sconiers v. Lockhart*, 946 F.3d 1256, 1265–67 (11th Cir. 2020). These claims must satisfy two components—one subjective and one objective. *See id.*

With that in mind, although Plaintiff alleges Defendant Thompson "slowly fondle[d] his penis over his pants" and then required Plaintiff to "expose his anus" during the search, Compl. at 4, Plaintiff cannot show Defendant Thompson had the requisite subjective state of mind. *See Sconiers*, 946 F.3d at 1266 (stating, by negative implication, that "a permissible search" does not show the sexual abuse was "sadistically and maliciously applied for the very purpose of causing harm.") (citation omitted). Plaintiff's allegations also fail to satisfy the objective component. *See id.* at 1266–67 (explaining the nature of the sexual abuse at issue must be so severe or repetitious that it was applied sadistically and maliciously).

Third, after a liberal construction, Plaintiff claims Defendant Alfred retaliated against him by "threatening" to place Plaintiff in solitary confinement for reporting Defendant Thompson's search as a sexual assault. *See* Compl. at 8. Defendant Alfred allegedly "requested to speak with [Plaintiff]" and "questioned [Plaintiff] about his grievance" concerning the report that a sexual assault transpired. *Id.* at 5. Plaintiff concedes, however, that he comported himself "adversely to

Alfred's questioning," which prompted Defendant Alfred to state, "you can be moved somewhere less comfortable." *Id.* at 5.

Even accepting that protected speech was at stake here, a person of ordinary firmness would not have been deterred from exercising their free speech based on Defendant Alfred's remarks. *See Thomas v. Lawrence*, 421 F. App'x 926, 928 (11th Cir. 2011) ("[T]he adverse action that the inmate suffers as a result of the prison official's alleged retaliation must be such that it would likely deter a person of ordinary firmness from engaging in such speech.") (quoting *Smith v. Mosley*, 532 F.3d 1270, 1276 (11th Cir.2008)). In addition, Plaintiff's allegations do not establish a causal connection. *See Smith*, 532 F.3d at 1278 ("The causal connection inquiry asks whether the defendants were subjectively motivated to discipline *because Smith complained* of some of the conditions of his confinement.") (emphasis added). To the contrary, Plaintiff's allegations indicate that Defendant Alfred's warning—implying solitary confinement could be imposed—related to his conduct of "adversely" responding to questioning. *See* Compl. at 5.

Finally, Plaintiff claims Defendant Starling violated the Fourteenth Amendment by failing to make "a legitimate effort" in addressing his "complaint." *See* Compl. at 8. But the instant Complaint has no allegations detailing what "complaint" Defendant Starling failed to review. *See generally id.* That factual deficiency alone is enough to find Plaintiff has failed to state a claim. *See, e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. . . [T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

To the extent Plaintiff meant to claim that Defendant Starling should have reviewed his complaint regarding the previously mentioned search, *see* Compl. at 8, Plaintiff's allegations concede that Defendant Starling did just that. *See id.* ("Defendant Starling's invalidation of Plaintiff Hayes' complaint . . . violated the Plaintiff's rights under the Fourteenth Amendment[.]"). And, to the extent Plaintiff meant to claim that Defendant Starling violated Plaintiff's due process rights for not concluding the grievance process in Plaintiff's favor, such an assertion also fails to state a claim. *See Bingham v. Thomas*, 654 F.3d 1171, 1177–78 (11th Cir. 2011) ("[A] prison grievance procedure does not provide an inmate with a constitutionally protected interest, [so] we likewise reject Bingham's argument that the district court abused its discretion in dismissing Bingham's claim that the prison's grievance procedures were inadequate as frivolous[.]"); *see also Stallworth v. Wilkins*, 802 F. App'x 435, 439–40 (11th Cir. 2020) (same); *Thomas v. Poveda*, 518 F. App'x 614, 618 (11th Cir. 2013) (same).

Based on the foregoing, it is hereby

**ORDERED AND ADJUDGED** that this action is **DISMISSED** *without prejudice* and any pending motions are **DENIED** as moot. Notwithstanding the foregoing, Plaintiff may, if he so chooses, file an amended complaint by **October 30, 2020**. *See Troville v. Venz*, 303 F.3d 1256, 1260 n.5 (11th Cir. 2002) (finding that § 1915(e)(2)(B)(ii) does not allow district courts to dismiss an *in forma pauperis* complaint without allowing leave to amend when required under Fed. R. Civ. P. 15). Failure to mail an amended complaint by **October 30, 2020** shall result in the entry of final judgment and this case shall be closed for failure to state a claim.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 19th day of October, 2020.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**

cc:     Robert Tyrone Hayes
        0510993
        Palm Beach County Jail
        Inmate Mail/Parcels
        Post Office Box 24716
        West Palm Beach, FL 33416
        PRO SE